UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RMA BROKERAGE, LLC, d/b/a ) | |
| CAITLIN-MORGAN INSURANCE ) | |
| SERVICES, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| vs. ) | CAUSE NO.  1:06-cv-52-LJM-WTL |
|  ) | |
| LTC RISK MANAGEMENT, LLC, ) | |
|  ) | |
| Defendant. ) | |

### ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the motion to compel filed by the Plaintiff. The motion is fully briefed, and the Magistrate Judge, being duly advised, **DENIES** the motion to compel for the reasons set forth below.

This case arises out of an Administrative Services Agreement entered into in 2002 between the Plaintiff and the Defendant pursuant to which the Defendant agreed to provide loss control and claims administration services for a program of general and professional liability insurance administered by the Plaintiff.  The Plaintiff terminated the agreement in 2005 and soon thereafter filed this lawsuit alleging that the Defendant breached the agreement both before and after termination.  The Defendant asserts that it was the Plaintiff who breached the agreement and that the breach was in bad faith; it has filed a counterclaim seeking compensatory and liquidated damages.

In July 2006, the Plaintiff propounded to the Defendant five requests for admission along with a "supplemental" interrogatory that asked the Defendant to respond to the following as to each of the requests that it did not admit without qualification:

  a. State with specificity and in detail how the fact or facts which Caitlin-Morgan has requested LTCRM admit are not true, and state what LTCRM contends the facts are.

  b. Identify each and every witness who can or will so testify.

  c. Describe each and every document which will refute the fact or facts which LTCRM has been requested to admit.

  d. If LTCRM gives lack of information or knowledge as a reason for failing to admit or deny a request, describe all efforts made by LTCRM and/or its attorney to obtain the necessary information to permit LTCRM to admit or deny the Request and which LTCRM contends constitutes "reasonable inquiry" within the meaning of Rule 26 of the Fed. R. Civ. P.

In September, the Plaintiff served additional interrogatories. The Defendant objected to each of them on the ground that the Plaintiff had exceeded the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33(a). Specifically, the Defendant argues that the "supplemental" interrogatory set forth above is actually 25 interrogatories when the discrete subparts are counted; the Defendant counts subpart "a" as two interrogatories–(1) how are the facts asserted by the Plaintiff not true and (2) what do you contend the facts are–and then multiplies the five subparts by the five requests for admission to arrive at a total of 25. The Plaintiff, on the other hand, argues that each of the four subparts constitutes a single interrogatory, for a total of four interrogatories; added to the 13 interrogatories (counting subparts) contained in its second set, the Plaintiff believes it has served a total of 17 interrogatories.

Reasonable minds can and often do disagree regarding what constitutes a "discrete subpart" such that it counts as a separate interrogatory; on the occasions in which the Court is called upon to resolve these types, the ruling most often is of the "I know it when I see it" variety. These occasions are relatively rare because they are easily avoided; counsel typically

are able to resolve the dispute themselves, and if they are unable to do so the proponent of the allegedly excessive interrogatories need only seek leave to serve them; unless the interrogatories are unduly onerous, such leave is typically granted.

Such leave has not been sought here, however; rather, the Plaintiff steadfastly maintains that the "supplemental" interrogatory should count as four interrogatories. This position is untenable; since the interrogatory implicated five separate requests for admission, it must be counted as if a separate (but identical) interrogatory was propounded as to each request. The Magistrate Judge disagrees with the Defendant's assertion that there are five subparts; while certainly an interrogatory may contain discrete subparts that are not delineated as such, in this case the information sought in subpart "a" is sufficiently related as to constitute one subpart, not two. Therefore, the "supplemental" interrogatory consists of 20 interrogatories.

That means that the Plaintiff could serve five additional interrogatories absent leave of court; inasmuch as the additional interrogatories that it served clearly exceed that number, the Defendant was not required to answer the interrogatories as tendered and the motion to compel must be **denied**. The Plaintiff may serve five new interrogatories, or it may seek leave to serve the same set of interrogatories. In the interests of judicial economy, the Magistrate Judge notes that the Defendant's objection that the interrogatories seek irrelevant information regarding its financial matters is not well-taken. While the Defendant is correct that the information sought is irrelevant to the issue of which party breached the agreement, the Magistrate Judge agrees with the Plaintiff that it is entitled to discovery relating to the Defendant's costs of performance under the agreement, as that information is relevant to the calculation of damages should the Defendant prevail on its counterclaim. The costs of performance for the Defendant's other clients for whom it did similar work also is relevant; the Defendant's concerns regarding its proprietary

3

information may be addressed by a protective order. The Magistrate Judge hopes that this

guidance will permit the parties to move ahead with discovery.

SO ORDERED: 05/04/2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Bryce H. Bennett Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

Kevin Nicholas Tharp
RILEY BENNETT & EGLOFF LLP
ktharp@rbelaw.com

Timothy Patrick Whitford
RITZLER COUGHLIN SWANSINGER LTD
twhitford@rcs-law.com